1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PUGET SOUNDKEEPER ALLIANCE, | ) | |
| | ) | No. 2:07-cv-00269-JPD |
| Plaintiff, | ) | |
| | ) | CONSENT DECREE |
| v. | ) | |
| | ) | |
| YOUNG CORPORATION, dba | ) | |
| Meltec Division, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    WHEREAS, Plaintiff Puget Soundkeeper Alliance, on February 20, 2007, filed a

Complaint against Defendant Young Corporation, dba Meltec Division, alleging violations of the

Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater associated with

industrial activities from Defendant's industrial facility located in Seattle in King County,

Washington, seeking declaratory and injunctive relief, civil penalties, attorneys fees, and costs;

and

        WHEREAS, Defendant denies Plaintiff's claims and any liability for many of the alleged

violations; and

CONSENT DECREE - 1

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to ensure compliance with the Clean Water Act at its facility; and

WHEREAS, Plaintiff and Defendant agree that compromise and settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of any issue of law or fact respecting Plaintiff's claims and allegations, consent to the entry of this Decree in order to avoid the risks of litigation and to resolve the controversy between them;

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the parties and subject matter of this action;

2.      The undersigned representative for each party certifies that he/she is fully authorized by the party he represents to enter into the terms and conditions of this Decree and to legally bind the party and the successors in interest to it by signing this Consent Decree.

3.      This Decree shall apply to and be binding upon the parties, and upon the successors and assigns of the parties.

CONSENT DECREE - 2

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

4.     This Decree shall apply to Defendant's operation of its industrial metal foundry facility located at 3444 13th Avenue Southwest on Harbor Island in Seattle, Washington.

5.     This Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of filing of this Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from the operation of the facility identified in paragraph 4 of this Decree.

6.     This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor(s).

7.     In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a.     During the effectiveness of this Consent Decree, Defendant shall comply with all conditions of its NPDES Permit No. S03-000639D, or any modified or reissued permit applicable to Defendant's industrial facility.  This compliance commitment includes full compliance with the Permit's inspection, evaluation, discharge monitoring, reporting, and record-keeping requirements, as well as the full implementation of a facility SWPPP including all necessary Best Management Practices (BMPs).

b.     Through December 31, 2008, Defendant shall send to Plaintiff copies of all quarterly DMRs, SWPPP revisions or updates, and any necessary Level One, Two, and Three Reports required by the Permit, within thirty (30) days of providing said documents to the

CONSENT DECREE - 3

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

Washington Department of Ecology.  Defendant shall also send to Plaintiff a copy of the

Operation and Maintenance Plan(s) for each of its baghouses.

c.        Within thirty (30) days of the entry of this Decree, Defendant shall update its

facility Stormwater Pollution Prevention Plan (SWPPP) (March 2007) as described in Exhibit 1,

"SWPPP Revisions" which is attached to this Consent Decree.

d.        Not later than ten days after the date of entry of this Decree, Defendant shall

contribute a total of thirty thousand dollars ($30,000.00) to the independent and mutually

agreeable third party environmental organizations identified below.  Such contribution shall be

used to fund the following environmental mitigation projects related to water quality improvement

in the Duwamish River basin or in Puget Sound, in the amounts stated:

- $20,000 to the Duwamish Tribe to fund the Duwamish Longhouse and Cultural Center Rain Garden Demonstration Project; and

- $10,000 to the Environmental Coalition of South Seattle (ECOSS) to fund the South Park Spill Kit Incentive Program.

Such contribution shall be evidenced and confirmed in writing, with a copy mailed to Plaintiff.

e.        Within ten days of the entry of this Decree, Defendant shall pay Plaintiff's

reasonable attorney fees and costs in the amount of twenty thousand dollars ($20,000.00) by

check payable and mailed to SCOPE Law Firm, PLLC, PO Box 22091, Seattle, WA  98122-

0091, attn: Richard A. Poulin, in full and complete satisfaction of any claims Plaintiff may have

under the Clean Water Act for fees and costs.

8.        The Court shall retain jurisdiction over this matter and allow this case to be

reopened without filing fee for the purpose of enabling the parties to this Decree to apply to the

CONSENT DECREE - 4

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

Court for any further Order that may be necessary to construe, carry out, enforce compliance with and/or resolve any dispute regarding the terms or conditions of this Decree. In the event of any dispute regarding implementation of or compliance with the Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties. Any party may initiate dispute resolution by serving written notice of a request for dispute resolution. If no resolution is reached within fourteen (14) days from the date that notice of the dispute is served, the parties may resolve the dispute by filing motions with the Court. In the event a motion is made in this Court to enforce the terms of this Decree, the prevailing party shall be entitled to its reasonable costs of litigation related to enforcement of the decree, including reasonable attorney and expert witness fees, so long as an award of such costs of litigation does not result in manifest injustice. Plaintiff and Defendant reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree and all applicable law in the future.

9.      The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

10.      This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate on December 31, 2009, or upon completion of all obligations under it, whichever is later.

CONSENT DECREE - 5

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

11.     The following individuals shall be responsible for and shall be the contact for all

communications and notices regarding this Consent Decree:

For plaintiff, Puget Soundkeeper Alliance:

Sue Joerger
Puget Soundkeeper Alliance
5309 Shilshole Avenue NW, Suite 215
Seattle, WA  98107
(206) 297-7002
(206) 297-0409 - fax

For defendant, Young Corporation, dba Meltec Division:

Keith A. Kemper
Ellis, Li & McKinstry PLLC
Two Union Square
601 Union Street, Suite 4900
Seattle, WA  98101-3906


12.     This Consent Decree may be modified only upon the written consent of the parties

and the approval of the Court.

13.     If for any reason the Court should decline to approve this Decree in the form

presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion

of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any

objection raised by the Court to entry of this Decree.

CONSENT DECREE - 6

Dated and entered this 4th day of January, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

PUGET SOUNDKEEPER ALLIANCE

Signature:      s/ Sue Joerger

Title:      Executive Director

Dated:      10/24/07

YOUNG CORPORATION, dba Meltec Division

Signature:      s/ Keith A. Kemper

Title:      Attorney in Fact

Dated:      Oct. 22, 2007

CONSENT DECREE - 7

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

CONSENT DECREE EXHIBIT 1

1.      In SWPPP Section 4.4, "Drainage Areas Associated With Industrial Activities," Defendant shall revise the paragraph describing the drainage to catch basins #3 and #4 by deleting the second sentence and adding three new sentences stating, "A baghouse is located adjacent to the southern wall of the foundry building.  Scrap metals are stored in open bins along the building in this area. The primary potential pollutants in this area include metals and baghouse dust."

2.      In SWPPP Section 4.4, "Drainage Areas Associated With Industrial Activities," Defendant shall revise the paragraph describing the drainage to catch basins #1 and #2 by replacing the second sentence with a new sentence stating, "Additionally, scrap metals are stored in open bins in the areas that drain to catch basins #1 and #2."

3.      In SWPPP Section 4.4, "Drainage Areas Associated With Industrial Activities," Defendant shall add a new paragraph accurately describing the industrial activities occurring in the drainage to catch basin #7.

4.      In SWPPP Section 5.1, "Operational BMPs," Defendant shall revise Table 5-2, "Best Management Practices" to include a "Preventative Maintenance" BMP for bag houses stating, "Baghouses are maintained as required by other regulatory authority.  Shrouds are used at the baghouse hoppers to minimize fugitive dust, and shall be maintained in good working order. Baghouses and shrouds are visually inspected daily."  Defendant shall also revise Table 5-2 by adding a column to identify the source of each BMP.

CONSENT DECREE EXHIBIT 1, cont.

CONSENT DECREE - 8

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590

5.      In SWPPP Section 5.2, "Source Control BMPs," Defendant shall revise Table 5-2, "Best Management Practices" to include an "Outside Storage of Liquids, By-Products, or Finished Products" BMP for metals storage bins, stating:  "Metals storage bins kept in areas exposed to rainfall shall be covered with an impervious material during the six-month period from October 1 through March 31 each year."

6.      In SWPPP Section 6.1, "Monitoring Point," (March 2007, revised June 4, 2007), Defendant shall revise the fifth sentence to state, "Aside from the unpaved area occupied by Seattle City Light's transformer, all of the facility is paved or occupied by buildings."  In addition, Defendant shall revise SWPPP Section 6.1, "Monitoring Point," (March 2007, revised June 4, 2007) by replacing its third paragraph with the following paragraph:

> "The two storm drain lines at the facility (located along the northern and southern sides of the foundry building) join near 13th Avenue Southwest and connect to the City stormwater system.  There is currently no location at the facility where a stormwater sample can be collected after all discharge from the facility has combined.  It is believed that pollutant types do not significantly vary at each catch basin.  In order to determine which storm drain line is most representative of the facility's stormwater discharges, Meltec will collect a stormwater sample from one catch basin on each storm drain line during a single storm event in the Fourth Quarter of 2007, and a single storm event in the First Quarter of 2008. After comparing the monitoring data obtained in those sampling events, Meltec will identify which discharge point will be monitored thereafter."

CONSENT DECREE - 9

SCOPE Law Firm, PLLC
PO Box 22091
Seattle, Washington  98122-0091
(206) 420-1590